Matter of Josiah P. (Peggy P.) (2021 NY Slip Op 01535)





Matter of Josiah P. (Peggy P.)


2021 NY Slip Op 01535


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

529852

[*1]In the Matter of Josiah P. and Another, Alleged to be Neglected Children. Greene County Department of Social Services, Respondent; Peggy P., Appellant. (Proceeding No. 1.)
In the Matter of Josiah P. and Another, Alleged to be Neglected Children. Greene County Department of Social Services, Respondent; Corey O., Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.)

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Dana L. Salazar, East Greenbush, for Peggy P., appellant.
Michelle I. Rosien, Philmont, for Corey O., appellant.
Greene County Department of Social Services, Catskill (Jennifer Sandleitner of counsel), for respondent.
Daniel Gartenstein, Kingston, attorney for the children.



Pritzker, J.
Appeals from three orders of the Family Court of Greene County (Wilhelm, J.), entered June 12, 2019 and July 12, 2019, which, among other things, granted petitioner's applications, in four proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the father) is the biological father of three children (born in 2011, 2012, and 2013) and is the stepfather of respondent Peggy P.'s two biological children (born in 2007 and 2013). Respondents were married in April 2018. In February 2019, petitioner commenced these four proceedings seeking to adjudicate the five subject children to be neglected by respondents based on an incident occurring on January 1, 2019, which prompted the oldest child to call the police and report that the father was trying to hurt the mother.
After a two-day fact-finding hearing, in June 2019, Family Court found that the children were neglected by respondents. Following a dispositional hearing, in July 2019, the court entered two orders of disposition setting forth certain conditions, including that respondents would remain under the supervision of petitioner for one year and that respondents may have visitation with the children at the discretion of petitioner. Respondents appeal the fact-finding order and the two dispositional orders.[FN1]
Upon our review of the brief filed by the attorney for the children (hereinafter AFC), as well as the record on appeal, it appears that, given the facts of this case, there may be a conflict of interest with respect to the AFC's simultaneous representation of the oldest child and the remaining children. Accordingly, the decision is withheld, the AFC is relieved of his representation as to the oldest child and new counsel will be assigned to represent her.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, appellate counsel for the children is relieved of his assignment with respect to Desserea P. and new counsel to be assigned to represent said child.



Footnotes

Footnote 1: Respondents moved for a stay pending appeal, which motion this Court denied (2020 NY Slip Op 76959[U]).